THE FOLLOWING IS THE PDF OF AN OFFICIAL
TRANSCRIPT.  OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF
BY THE OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN
CM/ECF FOR A PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF
THE ATTACHED TRANSCRIPT BY THE DOCKET ENTRY NUMBER,
REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE COURT
REPORTER HAS FILED THE OFFICIAL TRANSCRIPT; HOWEVER, YOU ARE
PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY
DOCUMENT FILED WITH THE COURT.

1                 **UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF GEORGIA**
2                     **ATLANTA DIVISION**

3

4 UNITED STATES OF AMERICA,    )
                             )
5                           )
    -VS-                   ) DOCKET NO. 1:24-CR-257-JPB
6                           )
DWAYNE PETERSON DAVIS,     )
7                           )
       DEFENDANT.       )
8

9         **TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS**
           **BEFORE THE HONORABLE J.P. BOULEE**
10             **UNITED STATES DISTRICT JUDGE**
                  **MAY 21, 2025**
11

12

13

14 **APPEARANCES**:

15 **ON BEHALF OF THE GOVERNMENT**:
        SAMIR KAUSHAL, ESQ.
16         CATHELYNN TIO, ESQ.
        ASSISTANT UNITED STATES ATTORNEYS
17

18 **ON BEHALF OF THE DEFENDANT**:
        DOUGLAS GILFILLAN, ESQ.
19

20

21

22 **STENOGRAPHICALLY RECORDED BY**:

23         PENNY PRITTY COUDRIET, RMR, CRR
          OFFICIAL COURT REPORTER
24         UNITED STATES DISTRICT COURT
            ATLANTA, GEORGIA
25

1    **(PROCEEDINGS HELD IN OPEN COURT AT 10:14 AM, ATLANTA, GEORGIA)**

2          COURTROOM DEPUTY CLERK:  The Court has set aside time

3    for a change of plea in the United States v. Dwayne Peterson

4    Davis, Case Number 1:24-CR-257.

5          Counsel, will you please announce your appearances

6    for the record.

7          MR. KAUSHAL:  Good morning, your Honor.  Samir

8    Kaushal and Cathelynn Tio for the United States.  Seated

9    between us is Special Agent William Kromer from the FBI.

10          THE COURT:  Good to see all of you.

11          MR. GILFILLAN:  Good morning, your Honor.  Doug

12    Gilfillan for Mr. Davis, who is here with me as well.

13          THE COURT:  Good to see both of you.

14          If we can please swear in the defendant.

15                (The defendant was duly sworn)

16          THE COURT:  Please verify the signatures on the plea

17    agreement.

18          MR. KAUSHAL:  Yes, your Honor.

19          I hold in my hands the guilty plea and plea agreement

20    for Criminal Case Number 1:24-CR-257.  It states on the first

21    page that the defendant, Dwayne Peterson Davis, is pleading

22    guilty to Count 3 of the indictment in this case.

23          Turning to page 16 of this document there are a

24    number of signature lines.

25          Sir, is this your signature above the line that says,

3

1  "Signature Defendant, Dwayne Peterson Davis"?

2          THE DEFENDANT:  It is, yes.

3          MR. KAUSHAL:  And is this your attorney to your left?

4          THE DEFENDANT:  Yes.

5          MR. KAUSHAL:  Mr. Gilfillan, is this your signature

6  above the line that says "Signature Defendant's Attorney,

7  Douglas Gilfillan"?

8          MR. GILFILLAN:  It is.

9          MR. KAUSHAL:  Thank you.

10          Also on this page I signed the document, my

11  co-counsel Ms. Tio has signed the document, and our

12  supervisor, Steve McClain, has also signed the document on

13  page 16 of the document.

14          Turning to page 17 there's another signature line.

15          Sir, is this your signature above the line that says,

16  "Signature Defendant, Dwayne Peterson Davis"?

17          THE DEFENDANT:  It is, yes.

18          MR. KAUSHAL:  And, finally, on page 18 there's

19  another signature line.  Mr. Gilfillan, is that your

20  signature?

21          MR. GILFILLAN:  It is.

22          MR. KAUSHAL:  Thank you, sir.

23          Your Honor, I now tender to the Court the guilty plea

24  and plea agreement.

25          THE COURT:  Thank you.

4

1          We're off the record for one second.

2          (Off-the-record discussion.)

3          THE COURT:  Back on the record.

4          Mr. Davis, before I can accept your plea of guilty I

5   need to go over several matters with you.  As we go through

6   this process if anything I state is unclear, let me know and

7   I'll repeat or rephrase it for you.

8          It's important that you understand not only my

9   statements to you but also my questions.  You need to

10  understand my questions so you can answer them truthfully.  A

11  failure to truthfully answer any question could result in

12  additional charges being brought against you.

13         I want to go over the rights that you're guaranteed

14  under the Constitution and laws of the United States.  I want

15  to be sure that you understand your rights and by entering

16  this plea of guilty you're giving up many of these rights.

17         First off, do you understand you have the right to

18  plead not guilty and have a trial by jury?

19         THE DEFENDANT:  I do.

20         THE COURT:  And do you understand that you're

21  entitled to a speedy and public trial on the charges against

22  you?

23         THE DEFENDANT:  I do.

24         THE COURT:  Do you understand you have a right to be

25  represented by an attorney throughout all proceedings and if

1  you cannot afford an attorney, one will be appointed to

2  represent you at no cost to you?

3        THE DEFENDANT:  I do.

4        THE COURT:  Do you understand that if you pled not

5  guilty and went to trial, at the trial you would be presumed

6  to be innocent and the government would have to overcome that

7  presumption and prove you guilty beyond a reasonable doubt?

8        THE DEFENDANT:  I do.

9        THE COURT:  Do you understand that at trial you would

10  not have to prove that you're innocent because the burden

11  would be on the government to prove you guilty beyond a

12  reasonable doubt?

13        THE DEFENDANT:  I do.

14        THE COURT:  Do you understand that at a trial you

15  would have the right to subpoena witnesses, which would be an

16  order from the Court compelling their appearance at trial to

17  testify on your behalf?

18        THE DEFENDANT:  I do.

19        THE COURT:  Do you understand that during a trial

20  witnesses for the government must come to court and testify in

21  your presence?

22        THE DEFENDANT:  I do.

23        THE COURT:  Do you understand that your attorney

24  would have the opportunity to cross-examine the witnesses for

25  the government, object to evidence offered by the government

6

1    and offer evidence on your behalf?

2            THE DEFENDANT:  I do.

3            THE COURT:  Do you understand that at a trial, while

4    you would have the right to testify if you chose to do so, you

5    would also have the right not to testify?

6            THE DEFENDANT:  I do.

7            THE COURT:  Do you understand that if you chose not

8    to testify or put on any evidence, those facts could not be

9    used against you?

10           THE DEFENDANT:  I do.

11           THE COURT:  Do you understand in order to convict you

12   at a trial the jury would have to reach a unanimous verdict

13   that you were guilty of the crimes with which you're charged?

14           THE DEFENDANT:  I do.

15           THE COURT:  If I accept your plea of guilty, you will

16   not have a trial and the jury will not decide your guilt, but

17   I will find that you're guilty of the charge based on your

18   admission that you're guilty.  Do you understand?

19           THE DEFENDANT:  I do.

20           THE COURT:  Are you willing to give up your right to

21   a trial and proceed with a plea of guilty at this time?

22           THE DEFENDANT:  I am.

23           THE COURT:  Do you understand that any provisions in

24   the agreement regarding recommendations to be made by the

25   government are not binding on the Court?  In other words, if I

1   choose not to follow some recommendation that the government

2   makes, do you understand that you'll still be bound by your

3   plea of guilty and would not be entitled to withdraw the plea

4   based on the Court not following the recommendation?

5           THE DEFENDANT:  I do.

6           THE COURT:  Is this the only agreement that you've

7   entered into with the government?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Other than the terms of this agreement

10  has any promise of any kind been made to cause you to plead

11  guilty?

12          THE DEFENDANT:  No.

13          THE COURT:  Per the terms of the plea agreement, the

14  US Attorney for the Northern District of Georgia has agreed

15  not to bring any additional charges related to the offense to

16  which you're pleading guilty.  Other than those terms, has

17  anyone threatened or forced you to plead guilty or told you

18  that if you do not plead guilty further charges will be

19  brought against you or other adverse action taken against you?

20          THE DEFENDANT:  No.

21          THE COURT:  In a moment I'll ask the Assistant US

22  Attorney to summarize the evidence that the government would

23  expect to present at trial.  In other words, these are what

24  the government contends are the facts of the case.  It's

25  necessary for the government to state these facts because I

1   must determine whether there's a factual basis for you to

2   enter this plea of guilty.  After this statement I will ask

3   you whether you disagree with any of the facts as stated by

4   the prosecutor.  If you do, tell me and we'll discuss those

5   facts at that time.

6           Mr. Kaushal.

7           MR. KAUSHAL:  Yes, your Honor.

8           If this case were to proceed to trial, the United

9   States would present the following evidence proving that the

10  defendant is guilty beyond a reasonable doubt of the crime of

11  wire fraud:

12          First, the government would present bank and business

13  records, including e-mails, and witness testimony that would

14  show that in April of 2021 GEICO agreed to contribute $5.91

15  million to a business venture which was a limited partnership

16  that was called PISQOZ Fund 2018-ALP, which I'm going to call

17  PISQOZ Fund, and that they entered into that partnership with

18  the defendant.

19          The agreement between the parties was that the money

20  was to be used to pay taxes, settle a construction lawsuit and

21  stop foreclosure proceedings for business purposes related to

22  PISQOZ Fund.  GEICO would not have agreed to make this

23  contribution if the money would be used for any other purpose.

24  In other words, it was a material part of the agreement that

25  the money would be used for business purposes related to

1   PISQOZ Fund.

2            Witness testimony from GEICO would establish that the

3   defendant promised individuals at GEICO that he would get

4   their approval before any of the $5.91 million contribution

5   was disbursed.

6            And bank records and witness testimony would

7   establish that during the same time period in 2021, the

8   defendant and businesses controlled by the defendant owed

9   money to multiple entities and individuals for, among other

10  things, loan payments that were past due.

11           E-mails and witness testimony would establish

12  that on or about April 20th, 2021, the defendant sent wire

13  instructions to GEICO for the $5.91 million contribution.  And

14  bank records would show that on April 27th, 2021, GEICO,

15  pursuant to the defendant's wiring instructions, wired the

16  $5.91 million to the PISQOZ Fund bank account, which was held

17  at UVS.

18           Although the defendant used some of the money for

19  legitimate purposes of the PISQOZ Fund, bank records show that

20  on or about May 3rd, 2021, the defendant knowingly and

21  intentionally and contrary to the agreement with GEICO caused

22  to be wired $2.218 million from the PISQOZ Fund bank account

23  at UVS to an account held in the name of Peachtree Investment

24  Solutions at Cadence Bank.

25           The bank records would show that the defendant

1    controlled this account.  And they would also show that

2    this wire -- excuse me, and that this wire transfer was also

3    contrary to the assurances that the defendant had provided to

4    GEICO where he told GEICO that he would only use the money for

5    business purposes related to PISQOZ Fund.

6         Witness testimony would establish that on or about

7    May 2nd, 2021, the defendant e-mailed UVS to initiate the wire

8    transfer to Peachtree Investment Solutions' account and that

9    he indicated that he would be in his office in Atlanta,

10   Georgia, with voice confirmation of the wire.  Thus, based on

11   their ordinary practice, UVS would have called the defendant

12   at his office to confirm the wire.  And once that confirmation

13   was confirmed -- once the wire was confirmed, the wire would

14   be initiated by a UVS employee here in Atlanta, Georgia, in

15   the Northern District of Georgia.

16        The transfer of the funds from the PISQOZ Fund bank

17   account at UVS to the Peachtree Investment Solutions' account

18   at Cadence Bank involved interstate wires because the wire was

19   a Fedwire.  And testimony from the Federal Reserve Bank system

20   would establish that all Fedwire transfers occurred through

21   computer systems in New Jersey or Texas.  This means that at a

22   minimum interstate wires traveled from Georgia to New Jersey

23   or Texas to effectuate the wire transfer.

24        Witness testimony would establish that the UVS office

25   and the defendant's office are also located in the Northern

1    District of Georgia.

2              And, finally, bank records and witness testimony

3    would establish that the defendant used the funds that he

4    transferred to the Peachtree Investment Solutions' account to,

5    among other things, pay a personal debt to victim JGA in the

6    amount of approximately $1.6 million.  And this payment was

7    not related to the PISQOZ Fund.

8              And, your Honor, taking all of this evidence

9    together, the government submits that the defendant would have

10   been found guilty beyond a reasonable doubt at trial of

11   Count 3 of the indictment which charges a wire transfer that

12   occurred on May 3rd, 2021, from the PISQOZ Fund bank account

13   to Peachtree Investment Solutions.

14             THE COURT:  All right.  Thank you.

15             Mr. Davis, do you disagree with any of the facts as

16   stated by the Assistant US Attorney?

17             THE DEFENDANT:  No, Judge.

18             THE COURT:  Mr. Kaushal, if you could please now

19   state the potential penalties that the defendant faces for the

20   charge, including the maximum penalty and any mandatory

21   minimums.

22             MR. KAUSHAL:  Your Honor, there is a maximum term of

23   imprisonment of 20 years.  There's no mandatory minimum term

24   of imprisonment.

25             A term of supervised release of up to three years may

1   be imposed.

2           A maximum fine of $250,000 or twice the gain or twice

3   the loss, whichever is greatest, can be made due and payable

4   immediately.

5           Full restitution can be made due and payable

6   immediately to all victims of the offense.

7           Mandatory special assessment of $100 is due and

8   payable immediately.

9           And there's forfeiture of any and all proceeds from

10  the commission of the offense, any and all property used or

11  intended to be used to facilitate the offense, and any

12  property involved in the offense.  And in this case, there is

13  no specific property identified for forfeiture.

14          THE COURT:  All right.  Thank you.

15          Mr. Davis, do you understand that those are the

16  possible penalties you could receive in this case?

17          THE DEFENDANT:  I do.

18          THE COURT:  Do you understand it's not possible for

19  me to state to you today what your sentence will be?

20          THE DEFENDANT:  I do.

21          THE COURT:  Do you understand that in deciding your

22  sentence I will consider sentencing guidelines and the

23  guidelines are advisory, which means that I have a discretion

24  to impose a sentence that is either within the guidelines,

25  greater than the guidelines or less than the guidelines?

1          THE DEFENDANT:  I do.

2          THE COURT:  In the plea agreement that you signed you

3    waived certain appeal rights.  I want to be sure that you

4    understand the meaning of that waiver.

5          Let me first state to you the rights that you would

6    have if you did not waive or give up those rights.

7          The defendant in every criminal case has the right

8    to file a direct appeal immediately after his conviction and

9    sentence.  In that appeal you may raise any issue concerning

10   the handling of your case in this court that you wish to

11   raise.  Those issues would be reviewed by the Court of

12   Appeals.

13         If errors were found, the Court of Appeals could

14   order that action be taken to correct those errors.

15         Besides that right to a direct appeal, you would have

16   an additional opportunity for review of your case by filing a

17   writ of habeas corpus pursuant to 28 USC, Section 2255.

18   That's another opportunity for you to challenge the legality

19   of your conviction and/or your sentence.

20         These are rights that every defendant has unless he

21   waives or gives them up.  In your plea agreement you have for

22   the most part given up these rights.  Your right of review

23   will be limited to three specific circumstances:

24         First, if after calculating the sentencing guidelines

25   that apply to your case I then impose a sentence that is

1  greater than the guidelines, you would have a right to file a

2  direct appeal challenging that sentence;

3         Second, if the government files an appeal for any

4  reason, you have a right to file a cross-appeal raising any

5  issue that you wish to raise;

6         And, finally, you always reserve the right to

7  challenge constitutionally ineffective assistance of counsel.

8         But aside from these three very narrow circumstances,

9  you will have no right of appeal and will be essentially bound

10 by my decision.  Do you understand?

11        THE DEFENDANT:  Yes.

12        THE COURT:  And do you understand that you may be

13 sentenced to a term of supervised release that will follow any

14 term of imprisonment and will include rules governing your

15 conduct that if you violate could result in more time in

16 prison?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Are you a US citizen?

19        THE DEFENDANT:  Yes.

20        THE COURT:  How do you plea to -- which count number

21 is it, Counsel?

22        MR. KAUSHAL:  Count 3, your Honor.

23        THE COURT:  How do you plea to Count 3 of the

24 indictment?

25        THE DEFENDANT:  Guilty.

1      THE COURT:  I find that the defendant understands the

2  charge and the consequences of the plea.

3      I've observed the defendant during this proceeding

4  and he does not appear to be under the influence of any

5  substance that might affect his judgment or actions in any

6  manner.

7      The Court finds that the plea has a factual basis and

8  is free of any coercive influence of any kind.

9      I find that there have been no promises made to the

10  defendant except those set out in the plea agreement.

11      I find that the defendant is competent to understand

12  these proceedings and enter a knowing plea of guilty.

13      I find that the plea is freely and voluntarily

14  entered.

15      It's therefore ordered that the plea of guilty of

16  the defendant to Count 3 of the indictment is accepted and

17  entered.

18      Mr. Davis, you're hereby adjudged guilty of the

19  charge contained in Count 3 of the indictment.

20      Counsel, I'm now going to give you some instructions

21  but note that they will also be on the notice of sentencing

22  filed on the docket so you don't need to take detailed notes

23  about your deadlines, but here they are.

24      If either party requests a departure or variance or

25  if there's a disputed guideline issue, I require a sentencing

1  memo to be filed ten business days before the sentencing

2  hearing, the date of which Ms. Lee will give you.

3        Responses are mandatory and must be filed five

4  business days before the hearing.

5        In the event a new issue is raised in the final

6  presentence investigation report, counsel may file

7  supplemental sentencing memos to address the issue no later

8  than two business days prior to the hearing.

9        Counsel shall e-mail a courtesy copy of those filings

10  to Ms. Lee.

11        Should the parties agree on the appropriate sentence,

12  please inform the Court no later than five business days in

13  advance of the hearing.

14        Counsel, does anyone believe anything else needs to

15  be covered this morning?

16        MR. KAUSHAL:  Nothing from the government, your

17  Honor.

18        MR. GILFILLAN:  Nothing from the defendant, your

19  Honor.

20        THE COURT:  All right.  Very well.

21        Mr. Kaushal, are you fine with the previous

22  conditions going forward until we get to sentencing?

23        MR. KAUSHAL:  Yes, your Honor.

24        THE COURT:  Any issue on that, Mr. Gilfillan?

25        MR. GILFILLAN:  No, your Honor.

17

1          THE COURT:  Very well.

2          Ms. Lee, thank you.

3          Ms. Coudriet, thank you.

4          My thanks also to our court security officer.

5          That concludes the proceeding.  Thanks, everyone.

6      (PROCEEDINGS REPORTED WERE CONCLUDED AT 10:50 AM.)

7                  _____

18

```
1                    C E R T I F I C A T E

2

3   UNITED STATES DISTRICT COURT

4   NORTHERN DISTRICT OF GEORGIA

5

6        I do hereby certify that the foregoing pages are a true

7   and correct transcript of the proceedings taken down by me in

8   the case aforesaid.

9

10           This the 20th Day of June, 2025.

11

12

13

14           _____

15           PENNY PRITTY COUDRIET, RMR, CRR
             OFFICIAL COURT REPORTER
16

17

18

19

20

21

22

23

24

25
```

## $

**$100** [1] - 12:7
**$2.218** [1] - 9:22
**$250,000** [1] - 12:2
**$5.91** [4] - 8:14, 9:4, 9:13, 9:16

## 1

**1.6** [1] - 11:6
**10:14** [1] - 2:1
**10:50** [1] - 17:6
**16** [2] - 2:23, 3:13
**17** [1] - 3:14
**18** [1] - 3:18
**1:24-CR-257** [2] - 2:4, 2:20
**1:24-CR-257-JPB** [1] - 1:5

## 2

**20** [1] - 11:23
**2018-ALP** [1] - 8:16
**2021** [7] - 8:14, 9:7, 9:12, 9:14, 9:20, 10:7, 11:12
**2025** [2] - 1:10, 18:9
**20TH** [2] - 9:12, 18:9
**21** [1] - 1:10
**2255** [1] - 13:17
**27TH** [1] - 9:14
**28** [1] - 3:17
**2ND** [1] - 10:7

## 3

**3** [6] - 2:22, 11:11, 14:22, 14:23, 15:16, 15:19
**3RD** [2] - 9:20, 11:12

## 9

**90** [1] - 1:5

## A

**ACCEPT** [2] - 4:4, 6:15
**ACCEPTED** [1] - 15:16
**ACCOUNT** [9] - 9:16, 9:22, 9:23, 10:1, 10:8, 10:17, 11:4, 11:12
**ACTION** [2] - 7:19, 13:14
**ACTIONS** [1] - 15:5
**ADDITIONAL** [3] - 4:12, 7:15, 13:16
**ADDRESS** [1] - 16:7
**ADJUDGED** [1] - 15:18
**ADMISSION** [1] - 6:18
**ADVANCE** [1] - 16:13
**ADVERSE** [1] - 7:19
**ADVISORY** [1] - 12:23
**AFFECT** [1] - 15:5
**AFFORD** [1] - 5:1
**AFORESAID** [1] - 18:8
**AFTER** [1] - 1:7
**AGENT** [1] - 2:9

**AGREE** [1] - 16:11
**AGREED** [3] - 7:14, 8:14, 8:22
**AGREEMENT** [13] - 2:17, 2:19, 3:24, 6:24, 7:6, 7:9, 7:13, 8:19, 8:24, 9:21, 13:2, 13:21, 15:10
**AM** [2] - 2:1, 17:6
**AMERICA** [1] - 1:4
**AMOUNT** [1] - 11:6
**AN** [1] - 1:2
**AND** [2] - 1:4, 1:7
**ANNOUNCE** [1] - 2:5
**ANSWER** [2] - 4:10, 4:11
**ANY** [1] - 1:9
**APPEAL** [8] - 13:3, 13:8, 13:9, 13:15, 14:2, 14:3, 14:4, 14:9
**APPEALS** [2] - 13:12, 13:13
**APPEAR** [1] - 15:4
**APPEARANCE** [1] - 5:16
**APPEARANCES** [1] - 1:14
**APPEARANCES** [1] - 2:5
**APPLY** [1] - 13:25
**APPOINTED** [1] - 5:1
**APPROPRIATE** [1] - 16:11
**APPROVAL** [1] - 9:4
**APRIL** [3] - 8:14, 9:12, 9:14
**ARE** [1] - 1:8
**ASIDE** [2] - 2:2, 14:8
**ASSESSMENT** [1] - 12:7
**ASSISTANCE** [1] - 14:7
**ASSISTANT** [2] - 7:21, 11:16
**ASSISTANT** [1] - 1:16
**ASSURANCES** [1] - 10:3
**AT** [2] - 2:1, 17:6
**ATLANTA** [2] - 10:9, 10:14
**ATLANTA** [3] - 1:2, 1:24, 2:1
**ATTACHED** [1] - 1:6
**ATTACHING** [1] - 1:9
**ATTORNEY** [4] - 3:3, 4:25, 5:1, 5:23
**ATTORNEY** [4] - 3:6, 7:14, 7:22, 11:16
**ATTORNEYS** [1] - 1:16

## B

**BANK** [10] - 8:12, 9:6, 9:14, 9:16, 9:19, 9:22, 9:25, 10:16, 11:2, 11:12
**BANK** [3] - 9:24, 10:18, 10:19
**BASED** [3] - 6:17, 7:4, 10:10
**BASIS** [2] - 8:1, 15:7
**BE** [2] - 1:3, 1:4
**BEFORE** [1] - 1:9
**BEHALF** [2] - 5:17, 6:1
**BEHALF** [2] - 1:15, 1:18
**BETWEEN** [2] - 2:9, 8:19
**BEYOND** [4] - 5:7, 5:11, 8:10, 11:10
**BINDING** [1] - 6:25
**BOULEE** [1] - 1:9
**BOUND** [2] - 7:2, 14:9
**BRING** [1] - 7:15
**BROUGHT** [2] - 4:12, 7:19
**BURDEN** [1] - 5:10

**BUSINESS** [9] - 8:12, 8:15, 8:21, 8:25, 10:5, 16:1, 16:4, 16:8, 16:12
**BUSINESSES** [1] - 9:8
**BY** [3] - 1:4, 1:6, 1:22

## C

**CADENCE** [2] - 9:24, 10:18
**CALCULATING** [1] - 13:24
**CANNOT** [1] - 5:1
**CASE** [2] - 2:4, 2:20
**CASE** [10] - 2:22, 7:24, 8:8, 12:12, 12:16, 13:7, 13:10, 13:16, 13:25, 18:8
**CATHELYNN** [1] - 1:16
**CATHELYNN** [1] - 2:8
**CAUSED** [1] - 9:21
**CERTAIN** [1] - 13:3
**CERTIFY** [1] - 18:6
**CHALLENGE** [2] - 13:18, 14:7
**CHALLENGING** [1] - 14:2
**CHANGE** [1] - 1:9
**CHANGE** [1] - 2:3
**CHARGE** [4] - 6:17, 11:20, 15:2, 15:19
**CHARGED** [1] - 6:13
**CHARGES** [5] - 4:12, 4:21, 7:15, 7:18, 11:11
**CHOOSE** [1] - 7:1
**CHOSE** [2] - 6:4, 6:7
**CIRCUMSTANCES** [2] - 13:23, 14:8
**CITE** [1] - 1:5
**CITIZEN** [1] - 14:18
**CLERK** [1] - 2:2
**CM/ECF** [2] - 1:3, 1:5
**CO** [1] - 3:11
**CO-COUNSEL** [1] - 3:11
**COERCIVE** [1] - 15:8
**COMMISSION** [1] - 12:10
**COMPELLING** [1] - 5:16
**COMPETENT** [1] - 15:11
**COMPUTER** [1] - 10:21
**CONCERNING** [1] - 13:9
**CONCLUDED** [1] - 17:6
**CONCLUDES** [1] - 17:5
**CONDITIONS** [1] - 16:22
**CONDUCT** [1] - 14:15
**CONFIRM** [1] - 10:12
**CONFIRMATION** [2] - 10:10, 10:12
**CONFIRMED** [2] - 10:13
**CONSEQUENCES** [1] - 15:2
**CONSIDER** [1] - 12:22
**CONSTITUTION** [1] - 4:14
**CONSTITUTIONALLY** [1] - 14:7
**CONSTRUCTION** [1] - 8:20
**CONTAINED** [1] - 15:19
**CONTENDS** [1] - 7:24
**CONTRARY** [2] - 9:21, 10:3
**CONTRIBUTE** [1] - 8:14
**CONTRIBUTION** [3] - 8:23, 9:4, 9:13
**CONTROLLED** [2] - 9:8, 10:1
**CONVICT** [1] - 6:11

CONVICTION [2] - 13:8, 13:19
COPY [1] - 16:9
CORPUS [1] - 13:17
CORRECT [2] - 13:14, 18:7
COST [1] - 5:2
COUDRIET [1] - 17:3
COUDRIET [2] - 1:23, 18:15
COUNSEL [1] - 14:21
COUNSEL [7] - 2:5, 3:11, 14:7, 15:20, 16:6, 16:9, 16:14
COUNT [6] - 2:22, 11:11, 14:22, 14:23, 15:16, 15:19
COUNT [1] - 14:20
COURT [3] - 5:20, 13:10, 17:4
COURT [9] - 2:2, 3:23, 5:16, 6:25, 7:4, 13:11, 13:13, 15:7, 16:12
COURT [45] - 1:4, 1:7, 1:10, 1:1, 1:23, 1:24, 2:1, 2:10, 2:13, 2:16, 3:25, 4:3, 4:20, 4:24, 5:4, 5:9, 5:14, 5:19, 5:23, 6:3, 6:7, 6:11, 6:15, 6:20, 6:23, 7:6, 7:9, 7:13, 7:21, 11:14, 11:18, 12:14, 12:18, 12:21, 13:2, 14:12, 14:18, 14:20, 14:23, 15:1, 16:20, 16:24, 17:1, 18:3, 18:15
COURTESY [1] - 16:9
COURTROOM [1] - 2:2
COVERED [1] - 16:15
CRIME [1] - 8:10
CRIMES [1] - 6:13
CRIMINAL [1] - 2:20
CRIMINAL [1] - 13:7
CROSS [2] - 5:24, 14:4
CROSS-APPEAL [1] - 14:4
CROSS-EXAMINE [1] - 5:24
CRR [2] - 1:23, 18:15

**D**

DATE [1] - 16:2
DAVIS [9] - 2:4, 2:12, 2:21, 3:1, 3:16, 4:4, 11:15, 12:15, 15:18
DAVIS [1] - 1:6
DAYS [4] - 16:1, 16:4, 16:8, 16:12
DAYS [1] - 1:5
DEADLINES [1] - 15:23
DEBT [1] - 11:5
DECIDE [1] - 6:16
DECIDING [1] - 12:21
DECISION [1] - 14:10
DEFENDANT [26] - 2:14, 2:15, 2:21, 8:10, 8:18, 9:3, 9:8, 9:12, 9:18, 9:20, 9:25, 10:3, 10:7, 10:11, 11:3, 11:9, 11:19, 13:7, 13:20, 15:1, 15:3, 15:10, 15:11, 15:16, 16:18
DEFENDANT [30] - 1:7, 1:18, 3:2, 3:4, 3:17, 4:19, 4:23, 5:3, 5:8, 5:13, 5:18, 5:22, 6:2, 6:6, 6:10, 6:14, 6:19, 6:22, 7:5, 7:8, 7:12, 7:20, 11:17, 12:17, 12:20, 13:1, 14:11, 14:17, 14:19, 14:25

DEFENDANT [2] - 3:1, 3:16
DEFENDANT'S [2] - 9:15, 10:25
DEFENDANT'S [1] - 3:6
DEPARTURE [1] - 15:24
DEPUTY [1] - 2:2
DETAILED [1] - 15:22
DETERMINE [1] - 8:1
DIRECT [3] - 13:8, 13:15, 14:2
DISAGREE [2] - 8:3, 11:15
DISBURSED [1] - 9:5
DISCRETION [1] - 12:23
DISCUSS [1] - 8:4
DISCUSSION [1] - 4:2
DISPUTED [1] - 15:25
DISTRICT [6] - 1:1, 1:1, 1:10, 1:24, 18:3, 18:4
DISTRICT [3] - 7:14, 10:15, 11:1
DIVISION [1] - 1:2
DOCKET [1] - 15:22
DOCKET [2] - 1:6, 1:5
DOCUMENT [5] - 2:23, 3:10, 3:11, 3:12, 3:13
DOCUMENT [1] - 1:10
DOUBT [4] - 5:7, 5:12, 8:10, 11:10
DOUG [1] - 2:11
DOUGLAS [1] - 1:18
DOUGLAS [1] - 3:7
DOWN [1] - 18:7
DUE [4] - 9:10, 12:3, 12:5, 12:7
DULY [1] - 2:15
DURING [3] - 5:19, 9:7, 15:3
DWAYNE [1] - 1:6
DWAYNE [4] - 2:3, 2:21, 3:1, 3:16

**E**

E-MAIL [1] - 16:9
E-MAILED [1] - 10:7
E-MAILS [2] - 8:13, 9:11
EFFECTUATE [1] - 10:23
EITHER [2] - 12:24, 15:24
EMPLOYEE [1] - 10:14
ENTER [2] - 8:2, 15:12
ENTERED [4] - 7:7, 8:17, 15:14, 15:17
ENTERING [1] - 4:15
ENTITIES [1] - 9:9
ENTITLED [2] - 4:21, 7:3
ENTRY [1] - 1:6
ERRORS [2] - 13:13, 13:14
ESQ [3] - 1:15, 1:16, 1:18
ESSENTIALLY [1] - 14:9
ESTABLISH [7] - 9:2, 9:7, 9:11, 10:6, 10:20, 10:24, 11:3
EVENT [1] - 16:5
EVIDENCE [6] - 5:25, 6:1, 6:8, 7:22, 8:9, 11:8
EXAMINE [1] - 5:24
EXCEPT [1] - 15:10
EXCUSE [1] - 10:2
EXPECT [1] - 7:23

**F**

FACES [1] - 11:19
FACILITATE [1] - 12:11
FACTS [6] - 6:8, 7:24, 7:25, 8:3, 8:5, 11:15
FACTUAL [2] - 8:1, 15:7
FAILURE [1] - 4:11
FBI [1] - 2:9
FEDERAL [1] - 10:19
FEDWIRE [2] - 10:19, 10:20
FILE [4] - 13:8, 14:1, 14:4, 16:6
FILED [3] - 1:3, 1:8, 1:10
FILED [3] - 15:22, 16:1, 16:3
FILES [1] - 14:3
FILING [1] - 13:16
FILINGS [1] - 16:9
FINAL [1] - 16:5
FINALLY [3] - 3:18, 11:2, 14:6
FINE [2] - 12:2, 16:21
FIRST [5] - 2:20, 4:17, 8:12, 13:5, 13:24
FIVE [2] - 16:3, 16:12
FOLLOW [2] - 7:1, 14:13
FOLLOWING [1] - 1:2
FOLLOWING [2] - 7:4, 8:9
FOR [2] - 1:5, 1:1
FORCED [1] - 7:17
FORECLOSURE [1] - 8:21
FOREGOING [1] - 18:6
FORFEITURE [2] - 12:9, 12:13
FORWARD [1] - 16:22
FRAUD [1] - 8:11
FREE [1] - 15:8
FREELY [1] - 15:13
FROM [1] - 1:9
FULL [1] - 12:5
FULL [1] - 1:9
FUND [11] - 8:16, 8:17, 8:22, 9:1, 9:16, 9:19, 9:22, 10:5, 10:16, 11:7, 11:12
FUNDS [2] - 10:16, 11:3

**G**

GAIN [1] - 12:2
GEICO [9] - 8:14, 8:22, 9:2, 9:3, 9:13, 9:14, 9:21, 10:4
GEORGIA [6] - 7:14, 10:10, 10:14, 10:15, 10:22, 11:1
GEORGIA [4] - 1:1, 1:24, 2:1, 18:4
GILFILLAN [5] - 2:12, 3:5, 3:7, 3:19, 16:24
GILFILLAN [6] - 1:18, 2:11, 3:8, 3:21, 16:18, 16:25
GIVEN [1] - 13:22
GOVERNING [1] - 14:14
GOVERNMENT [15] - 5:6, 5:11, 5:20, 5:25, 6:25, 7:1, 7:7, 7:22, 7:24, 7:25, 8:12, 11:9, 14:3, 16:16
GOVERNMENT [1] - 1:15
GREATER [2] - 12:25, 14:1

GREATEST[1] - 12:3
GUARANTEED[1] - 4:13
GUIDELINE[1] - 15:25
GUIDELINES[7] - 12:22, 12:23, 12:24, 12:25, 13:24, 14:1
GUILT[1] - 6:16
GUILTY[26] - 2:19, 2:22, 3:23, 4:4, 4:16, 4:18, 5:5, 5:7, 5:11, 6:13, 6:15, 6:17, 6:18, 6:21, 7:3, 7:11, 7:16, 7:17, 7:18, 8:2, 8:10, 11:10, 14:25, 15:12, 15:15, 15:18

## H

HABEAS[1] - 13:17
HANDLING[1] - 13:10
HANDS[1] - 2:19
HAS[1] - 1:8
HEARING[4] - 16:2, 16:4, 16:8, 16:13
HELD[1] - 2:1
HELD[2] - 9:16, 9:23
HEREBY[2] - 15:18, 18:6
HOLD[1] - 2:19
HONOR[12] - 2:7, 2:11, 2:18, 3:23, 8:7, 11:8, 11:22, 14:22, 16:17, 16:19, 16:23, 16:25
HONORABLE[1] - 1:9
HOWEVER[1] - 1:8

## I

IDENTIFIED[1] - 12:13
IMMEDIATELY[4] - 12:4, 12:6, 12:8, 13:8
IMPORTANT[1] - 4:8
IMPOSE[2] - 12:24, 13:25
IMPOSED[1] - 12:1
IMPRISONMENT[3] - 11:23, 11:24, 14:14
IN[3] - 1:3, 1:4, 2:1
INCLUDE[1] - 14:14
INCLUDING[2] - 8:13, 11:20
INDICATED[1] - 10:9
INDICTMENT[5] - 2:22, 11:11, 14:24, 15:16, 15:19
INDIVIDUALS[2] - 9:3, 9:9
INEFFECTIVE[1] - 14:7
INFLUENCE[2] - 15:4, 15:8
INFORM[1] - 16:12
INITIATE[1] - 10:7
INITIATED[1] - 10:14
INNOCENT[2] - 5:6, 5:10
INSTRUCTIONS[3] - 9:13, 9:15, 15:20
INTENDED[1] - 12:11
INTENTIONALLY[1] - 9:21
INTERSTATE[2] - 10:18, 10:22
INVESTIGATION[1] - 16:6
INVESTMENT[5] - 9:23, 10:8, 10:17, 11:4, 11:13
INVOLVED[2] - 10:18, 12:12

IS[1] - 1:2
ISSUE[6] - 13:9, 14:5, 15:25, 16:5, 16:7, 16:24
ISSUES[1] - 13:11

## J

J.P[1] - 1:9
JERSEY[2] - 10:21, 10:22
JGA[1] - 11:5
JUDGE[1] - 1:10
JUDGE[1] - 11:17
JUDGMENT[1] - 15:5
JUNE[1] - 18:9
JURY[3] - 4:18, 6:12, 6:16

## K

KAUSHAL[13] - 1:15, 2:7, 2:18, 3:3, 3:5, 3:9, 3:18, 3:22, 8:7, 11:22, 14:22, 16:16, 16:23
KAUSHAL[4] - 2:8, 8:6, 11:18, 16:21
KIND[2] - 7:10, 15:8
KNOWING[1] - 15:12
KNOWINGLY[1] - 9:20
KROMER[1] - 2:9

## L

LAWS[1] - 4:14
LAWSUIT[1] - 8:20
LEE[3] - 16:2, 16:10, 17:2
LEFT[1] - 3:3
LEGALITY[1] - 13:18
LEGITIMATE[1] - 9:19
LESS[1] - 12:25
LIMITED[2] - 8:15, 13:23
LINE[1] - 1:7
LINE[5] - 2:25, 3:6, 3:14, 3:15, 3:19
LINES[1] - 2:24
LOAN[1] - 9:10
LOCATED[1] - 10:25
LOSS[1] - 12:3

## M

MAIL[1] - 16:9
MAILED[1] - 10:7
MAILS[2] - 8:13, 9:11
MANDATORY[4] - 11:20, 11:23, 12:7, 16:3
MANNER[1] - 15:6
MATERIAL[1] - 8:24
MATTERS[1] - 4:5
MAXIMUM[3] - 11:20, 11:22, 12:2
MAY[3] - 1:3, 1:5, 1:10
MCCLAIN[1] - 3:12
MEANING[1] - 13:4
MEANS[2] - 10:21, 12:23
MEMO[1] - 16:1
MEMOS[1] - 16:7

MIGHT[1] - 15:5
MILLION[6] - 8:15, 9:4, 9:13, 9:16, 9:22, 11:6
MINIMUM[2] - 10:22, 11:23
MINIMUMS[1] - 11:21
MOMENT[1] - 7:21
MONEY[6] - 8:19, 8:23, 8:25, 9:9, 9:18, 10:4
MORNING[3] - 2:7, 2:11, 16:15
MOST[1] - 13:22
MR[17] - 2:7, 2:11, 2:18, 3:3, 3:5, 3:8, 3:9, 3:18, 3:21, 3:22, 8:7, 11:22, 14:22, 16:16, 16:18, 16:23, 16:25
MULTIPLE[1] - 9:9
MUST[3] - 5:20, 8:1, 16:3

## N

NAME[1] - 9:23
NARROW[1] - 14:8
NECESSARY[1] - 7:25
NEED[3] - 4:5, 4:9, 15:22
NEEDS[1] - 16:14
NEW[2] - 10:21, 10:22
NEW[1] - 16:5
NO[1] - 1:5
NORTHERN[3] - 7:14, 10:15, 10:25
NORTHERN[2] - 1:1, 18:4
NOTE[1] - 15:21
NOTES[1] - 15:22
NOTHING[2] - 16:16, 16:18
NOTICE[1] - 15:21
NUMBER[2] - 2:4, 2:20
NUMBER[2] - 1:6, 1:7
NUMBER[2] - 2:24, 14:20

## O

OBJECT[1] - 5:25
OBSERVED[1] - 15:3
OCCURRED[2] - 10:20, 11:12
OF[10] - 1:2, 1:5, 1:1, 1:4, 1:9, 1:15, 1:18, 18:4
OFF-THE-RECORD[1] - 4:2
OFFENSE[5] - 7:15, 12:6, 12:10, 12:11, 12:12
OFFER[1] - 6:1
OFFERED[1] - 5:25
OFFICE[4] - 10:9, 10:12, 10:24, 10:25
OFFICER[1] - 17:4
OFFICIAL[6] - 1:2, 1:3, 1:4, 1:8, 1:23, 18:15
ON[2] - 1:15, 1:18
ONCE[2] - 10:12, 10:13
ONE[2] - 4:1, 5:1
ONLY[2] - 1:3, 1:7
OPEN[1] - 2:1
OPPORTUNITY[3] - 5:24, 13:16, 13:18
OR[1] - 1:9
ORDER[3] - 5:16, 6:11, 13:14

ORDERED [1] - 15:15
ORDINARY [1] - 10:11
OVERCOME [1] - 5:6
OWED [1] - 9:8

**P**

PAGE [1] - 1:7
PAGE [6] - 2:21, 2:23, 3:10, 3:13, 3:14, 3:18
PAGES [1] - 18:6
PART [2] - 8:24, 13:22
PARTIAL [1] - 1:9
PARTIES [2] - 8:19, 16:11
PARTNERSHIP [2] - 8:15, 8:17
PARTY [1] - 15:24
PAST [1] - 9:10
PAY [2] - 8:20, 11:5
PAYABLE [3] - 12:3, 12:5, 12:8
PAYMENT [1] - 11:6
PAYMENTS [1] - 9:10
PDF [1] - 1:2
PEACHTREE [5] - 9:23, 10:8, 10:17, 11:4, 11:13
PENALTIES [2] - 11:19, 12:16
PENALTY [1] - 11:20
PENNY [2] - 1:23, 18:15
PER [1] - 7:13
PERIOD [1] - 9:7
PERIOD [1] - 1:5
PERSONAL [1] - 11:5
PETERSON [4] - 2:3, 2:21, 3:1, 3:16
PETERSON [1] - 1:6
PISQOZ [11] - 8:16, 8:17, 8:22, 9:1, 9:16, 9:19, 9:22, 10:5, 10:16, 11:7, 11:12
PLEA [1] - 1:9
PLEA [24] - 2:3, 2:16, 2:19, 3:23, 3:24, 4:4, 4:16, 6:15, 6:21, 7:3, 7:13, 8:2, 13:2, 13:21, 14:20, 14:23, 15:2, 15:7, 15:10, 15:12, 15:13, 15:15
PLEAD [4] - 4:18, 7:10, 7:17, 7:18
PLEADING [2] - 2:21, 7:16
PLED [1] - 5:4
PORTION [1] - 1:5
POSSIBLE [2] - 12:16, 12:18
POTENTIAL [1] - 11:19
PRACTICE [1] - 10:11
PRESENCE [1] - 5:21
PRESENT [3] - 7:23, 8:9, 8:12
PRESENTENCE [1] - 16:6
PRESUMED [1] - 5:5
PRESUMPTION [1] - 5:7
PREVIOUS [1] - 16:21
PRISON [1] - 14:16
PRITTY [2] - 1:23, 18:15
PROCEED [2] - 6:21, 8:8
PROCEEDING [2] - 15:3, 17:5
PROCEEDINGS [2] - 1:9, 17:6
PROCEEDINGS [5] - 2:1, 4:25, 8:21, 15:12, 18:7
PROCEEDS [1] - 12:9
PROCESS [1] - 4:6
PROHIBITED [1] - 1:9
PROMISE [1] - 7:10
PROMISED [1] - 9:3
PROMISES [1] - 15:9
PROPERTY [3] - 12:10, 12:12, 12:13
PROSECUTOR [1] - 8:4
PROVE [3] - 5:7, 5:10, 5:11
PROVIDED [1] - 10:3
PROVING [1] - 8:9
PROVISIONS [1] - 6:23
PUBLIC [1] - 4:21
PURPOSE [1] - 8:23
PURPOSES [4] - 8:21, 8:25, 9:19, 10:5
PURSUANT [2] - 9:15, 13:17
PUT [1] - 6:8

**Q**

QUESTIONS [2] - 4:9, 4:10

**R**

RAISE [3] - 13:9, 13:11, 14:5
RAISED [1] - 16:5
RAISING [1] - 14:4
REACH [1] - 6:12
REASON [1] - 14:4
REASONABLE [4] - 5:7, 5:12, 8:10, 11:10
RECEIVE [1] - 12:16
RECOMMENDATION [2] - 7:1, 7:4
RECOMMENDATIONS [1] - 6:24
RECORD [4] - 2:6, 4:1, 4:2, 4:3
RECORDED [1] - 1:22
RECORDS [6] - 8:13, 9:6, 9:14, 9:19, 9:25, 11:2
REFERENCING [1] - 1:7
REGARDING [1] - 6:24
RELATED [5] - 7:15, 8:21, 8:25, 10:5, 11:7
RELEASE [2] - 11:25, 14:13
REPEAT [1] - 4:7
REPHRASE [1] - 4:7
REPORT [1] - 16:6
REPORTED [1] - 17:6
REPORTER [4] - 1:4, 1:8, 1:23, 18:15
REPRESENT [1] - 5:2
REPRESENTED [1] - 4:25
REQUESTS [1] - 15:24
REQUIRE [1] - 14:6
RESERVE [1] - 10:19
RESERVE [1] - 14:6
RESPONSES [1] - 16:3
RESTITUTION [1] - 12:5
RESTRICTED [1] - 1:4
RESULT [2] - 4:11, 14:15
REVIEW [2] - 13:16, 13:22
REVIEWED [1] - 13:11
RIGHTS [8] - 4:13, 4:15, 4:16, 13:3, 13:5, 13:6, 13:20, 13:22
RMR [2] - 1:23, 18:15
RULES [1] - 14:14

**S**

SAMIR [1] - 1:15
SAMIR [1] - 2:7
SEATED [1] - 2:8
SECOND [2] - 4:1, 14:3
SECTION [1] - 13:17
SECURITY [1] - 17:4
SEE [2] - 2:10, 2:13
SENT [1] - 9:12
SENTENCE [8] - 12:19, 12:22, 12:24, 13:9, 13:19, 13:25, 14:2, 16:11
SENTENCED [1] - 14:13
SENTENCING [7] - 12:22, 13:24, 15:21, 15:25, 16:1, 16:7, 16:22
SET [2] - 2:2, 15:10
SETTLE [1] - 8:20
SEVERAL [1] - 4:5
SHALL [1] - 16:9
SHOW [5] - 8:14, 9:14, 9:19, 9:25, 10:1
SIGNATURE [7] - 2:24, 2:25, 3:5, 3:14, 3:15, 3:19, 3:20
SIGNATURE [3] - 3:1, 3:6, 3:16
SIGNATURES [1] - 2:16
SIGNED [4] - 3:10, 3:11, 3:12, 13:2
SOLUTIONS [2] - 9:24, 11:13
SOLUTIONS' [3] - 10:8, 10:17, 11:4
SPECIAL [1] - 12:7
SPECIAL [1] - 2:9
SPECIFIC [2] - 12:13, 13:23
SPEEDY [1] - 4:21
STATE [4] - 4:6, 7:25, 11:19, 12:19, 13:5
STATEMENT [1] - 8:2
STATEMENTS [1] - 4:9
STATES [4] - 2:3, 2:8, 4:14, 8:9
STATES [6] - 1:1, 1:4, 1:10, 1:16, 1:24, 18:3
STATES [1] - 2:20
STENOGRAPHICALLY [1] - 1:22
STEVE [1] - 3:12
STILL [1] - 7:2
STOP [1] - 8:21
SUBMITS [1] - 11:9
SUBPOENA [1] - 5:15
SUBSTANCE [1] - 15:5
SUMMARIZE [1] - 7:22
SUPERVISED [2] - 11:25, 14:13
SUPERVISOR [1] - 3:12
SUPPLEMENTAL [1] - 16:7
SWEAR [1] - 2:14
SWORN [1] - 2:15
SYSTEM [1] - 10:19
SYSTEMS [1] - 10:21

## T

**TAXES** [1] - 8:20
**TEN** [1] - 16:1
**TENDER** [1] - 3:23
**TERM** [5] - 11:22, 11:23, 11:25, 14:13, 14:14
**TERMS** [3] - 7:9, 7:13, 7:16
**TESTIFY** [5] - 5:17, 5:20, 6:4, 6:5, 6:8
**TESTIMONY** [8] - 8:13, 9:2, 9:6, 9:11, 10:6, 10:19, 10:24, 11:2
**TEXAS** [2] - 10:21, 10:23
**THE** [76] - 1:2, 1:4, 1:6, 1:7, 1:8, 1:10, 1:1, 1:9, 1:15, 1:18, 2:10, 2:13, 2:16, 3:2, 3:4, 3:17, 3:25, 4:3, 4:19, 4:20, 4:23, 4:24, 5:3, 5:4, 5:8, 5:9, 5:13, 5:14, 5:18, 5:19, 5:22, 5:23, 6:2, 6:3, 6:6, 6:7, 6:10, 6:11, 6:14, 6:15, 6:19, 6:20, 6:22, 6:23, 7:5, 7:6, 7:8, 7:9, 7:12, 7:13, 7:20, 7:21, 11:14, 11:17, 11:18, 12:14, 12:17, 12:18, 12:20, 12:21, 13:1, 13:2, 14:11, 14:12, 14:17, 14:18, 14:19, 14:20, 14:23, 14:25, 15:1, 16:20, 16:24, 17:1
**THEREFORE** [1] - 15:15
**THREATENED** [1] - 7:17
**THREE** [3] - 11:25, 13:23, 14:8
**THROUGHOUT** [1] - 4:25
**TIO** [1] - 1:16
**TIO** [2] - 2:8, 3:11
**TO** [2] - 1:5, 1:9
**TODAY** [1] - 12:19
**TOGETHER** [1] - 11:9
**TRANSCRIPT** [1] - 18:7
**TRANSCRIPT** [5] - 1:3, 1:6, 1:8, 1:9, 1:9
**TRANSCRIPTS** [1] - 1:3
**TRANSFER** [5] - 10:2, 10:8, 10:16, 10:23, 11:11
**TRANSFERRED** [1] - 11:4
**TRANSFERS** [1] - 10:20
**TRAVELED** [1] - 10:22
**TRIAL** [15] - 4:18, 4:21, 5:5, 5:9, 5:14, 5:16, 5:19, 6:3, 6:12, 6:16, 6:21, 7:23, 8:8, 11:10
**TRUE** [1] - 18:6
**TRUTHFULLY** [2] - 4:10, 4:11
**TURNING** [2] - 2:23, 3:14
**TWICE** [2] - 12:2
**TWO** [1] - 16:8

## U

**UNANIMOUS** [1] - 6:12
**UNCLEAR** [1] - 4:6
**UNDER** [2] - 4:14, 15:4
**UNITED** [6] - 1:1, 1:4, 1:10, 1:16, 1:24, 18:3
**UNITED** [4] - 2:3, 2:8, 4:14, 8:8
**UNLESS** [1] - 13:20
**UP** [6] - 4:16, 6:20, 11:25, 13:6, 13:21, 13:22
**US** [4] - 7:14, 7:21, 11:16, 14:18
**USC** [1] - 13:17
**UVS** [7] - 9:17, 9:23, 10:7, 10:11, 10:14, 10:17, 10:24

## V

**VARIANCE** [1] - 15:24
**VENTURE** [1] - 8:15
**VERDICT** [1] - 6:12
**VERIFY** [1] - 2:16
**VICTIM** [1] - 11:5
**VICTIMS** [1] - 12:6
**VIOLATE** [1] - 14:15
**VOICE** [1] - 10:10
**VOLUNTARILY** [1] - 15:13
**VS** [1] - 1:5

## W

**WAIVE** [1] - 13:6
**WAIVED** [1] - 13:3
**WAIVER** [1] - 13:4
**WAIVES** [1] - 13:21
**WERE** [1] - 17:6
**WHICHEVER** [1] - 12:3
**WILL** [1] - 1:4
**WILLIAM** [1] - 2:9
**WILLING** [1] - 6:20
**WIRE** [12] - 8:11, 9:12, 10:2, 10:7, 10:10, 10:12, 10:13, 10:18, 10:23, 11:11
**WIRED** [2] - 9:15, 9:22
**WIRES** [2] - 10:18, 10:22
**WIRING** [1] - 9:15
**WISH** [2] - 13:10, 14:5
**WITH** [1] - 1:10
**WITHDRAW** [1] - 7:3
**WITNESS** [7] - 8:13, 9:2, 9:6, 9:11, 10:6, 10:24, 11:2
**WITNESSES** [3] - 5:15, 5:20, 5:24
**WORDS** [3] - 6:25, 7:23, 8:24
**WRIT** [1] - 13:17

## Y

**YEARS** [2] - 11:23, 11:25
**YOU** [2] - 1:5, 1:8